UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARTNER, INC., | CIVIL ACTION NO. 3:06CV2046 (MRK) |
| Plaintiff, | |
| v. | |
| KEVIN PARIKH, JAY PRIDAY, WILLIAM WYMAN RANDOLPH, MICHAEL ANDERSEN, AMIT SINGH, RAVI MAHALINGAM and HENRY GUAPO, | |
| Defendants. | JANUARY 19, 2007 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

The Defendants, Kevin Parikh, Jay Priday, Robert Wyman Randolph (incorrectly identified in the Verified Complaint as "William Wyman Randolph"), Michael Andersen, Amit Singh, Ravi Mahalingam and Henry Guapo, by and through their counsel, Jackson Lewis LLP, hereby answer the Verified Complaint of Plaintiff, Gartner, Inc. ("Gartner").

**COUNT ONE:** **(Breach of Non-Competition and Non-Solicitation Agreement, Against All Defendants)**

1. Denied.

2. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, leave Gartner to its proof.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, leave Gartner to its proof.

11. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, leave Gartner to its proof.

12. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, leave Gartner to its proof.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant Parikh admits he executed a document entitled "Agreement Regarding Certain Conditions of Employment," attached to the Verified Complaint as Exhibit A, on May 9, 2000; the remainder of Paragraph 18 is denied.

19. Defendant Priday admits he executed a document entitled "Agreement Regarding Certain Conditions of Employment," attached to the Verified Complaint as Exhibit B, on July 3, 1997; the remainder of Paragraph 19 is denied.

20. Defendant Randolph admits he executed a document entitled "Agreement Regarding Certain Conditions of Employment," attached to the Verified Complaint as Exhibit C, on January 20, 1998; the remainder of Paragraph 20 is denied.

21. Defendant Andersen admits he executed a document entitled "Agreement Regarding Certain Conditions of Employment," attached to the Verified Complaint as Exhibit D, on June 17, 1996; the remainder of Paragraph 21 is denied.

22. Defendant Singh admits he executed a document entitled "Agreement Regarding Certain Conditions of Employment," on or about September 3, 2004, attached to the Verified Complaint as Exhibit E; the remainder of Paragraph 22 is denied.

23. Defendant Mahalingam admits he executed a document entitled "Agreement Regarding Certain Conditions of Employment," attached to the Verified Complaint as Exhibit F, on March 10, 2004; the remainder of Paragraph 23 is denied.

24. Defendant Guapo admits he executed a document entitled "Agreement Regarding Certain Conditions of Employment," attached to the Verified Complaint as Exhibit G, on or about August 12, 1999; the remainder of Paragraph 24 is denied.

25. The Defendants respectfully refer the Court to the document, which speaks for itself.

26. The Defendants respectfully refer the Court to the document, which speaks for itself.

27. The Defendants respectfully refer the Court to the document, which speaks for itself.

28. The Defendants respectfully refer the Court to the document, which speaks for itself.

29. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, leave Gartner to its proof.

30. Denied.

31. Denied.

32. So much of Paragraph 32 as alleges that Garner employees have access to certain information in order to perform their job responsibilities is admitted; the remainder of Paragraph 32 is denied.

33. So much of Paragraph 33 as alleges that Gartner employees are provided specific log-on names and passwords enabling them to log on to Gartner's computers is admitted; the remainder of Paragraph 33 is denied.

34. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, leave Gartner to its proof.

35. Denied.

36. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, leave Gartner to its proof.

37. The Defendants respectfully refer the Court to the document, which speaks for itself.

38. The Defendants respectfully refer the Court to the document, which speaks for itself.

39. The Defendants respectfully refer the Court to the document, which speaks for itself.

40. The Defendants respectfully refer the Court to the document, which speaks for itself.

41. Defendant Parikh admits he accepted Gartner's offer of employment on March 30, 2000, that he eventually attained the position of Vice President and Global Transaction Brokering Lead, and that he was affiliated with Gartner's Woodland Hills, California office; the remainder of Paragraph 41 is denied.

42. Defendant Parikh admits that he hosted a weekly call to review business opportunities and existing engagements with respect to Gartner's consulting clients; the remainder of Paragraph 42 is denied.

43. Defendant Parikh admits he had access to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 43 is denied.

44. Defendant Priday admits he accepted Gartner's offer of employment on June 24, 1997, that he eventually attained the position of Vice President, and that he was affiliated with Gartner's San Diego, California office; the remainder of Paragraph 44 is denied.

45. Defendant Priday admits that he performed sales and client delivery functions for Gartner's consulting clients; the remainder of Paragraph 45 is denied.

46. Defendant Priday admits he had access to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 46 is denied.

47. Defendant Randolph admits he accepted Gartner's offer of employment on January 19, 1998, that he eventually attained the position of Vice President, and that he was affiliated with Gartner's San Diego, California office; the remainder of Paragraph 47 is denied.

48. Defendant Randolph admits he performed sales and client delivery functions for Gartner's consulting clients; the remainder of Paragraph 48 is denied.

49. Defendant Randolph admits he had access to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 49 is denied.

50. Defendant Andersen admits he accepted Gartner's offer of employment on June 14, 1996, that he eventually attained the position of Vice President, and that he was affiliated with Gartner's Chicago, Illinois office; the remainder of Paragraph 50 is denied.

51. Defendant Andersen admits that he performed sales and client delivery functions for Gartner's consulting clients during his employment with Gartner; the remainder of Paragraph 51 is denied.

52. Defendant Andersen admits he had access to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 52 is denied.

53. Defendant Singh admits he accepted Gartner's offer of employment on August 25, 2004, that he eventually attained the position of Associate Director, and that he was affiliated with Gartner's Woodland Hills, California office; the remainder of Paragraph 53 is denied.

54. Defendant Singh admits that he performed sales and client delivery functions for Gartner's consulting clients; the remainder of Paragraph 54 is denied.

55. Defendant Singh admits he had access to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 55 is denied.

56. Defendant Mahalingam admits he accepted Gartner's offer of employment on March 5, 2004, that he eventually attained the position of Associate Director, and that he was affiliated with Gartner's Woodland Hills, California office; the remainder of Paragraph 56 is denied.

57. Mahalingam admits that he performed sales and client delivery functions for Gartner's clients; the remainder of Paragraph 57 is denied.

58. Defendant Mahalingam admits he had access to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 58 is denied.

59. Defendant Guapo admits he attained the position of Director with Gartner and that he was affiliated with Gartner's Woodland Hills, California office; the remainder of Paragraph 59 is denied.

60. Denied.

61. Defendant Guapo admits he had access to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 61 is denied.

62. Denied.

63. Defendants Parikh, Priday, Randolph and Andersen admit they resigned from Gartner on October 27, 2006, effective immediately; the remainder of Paragraph 63 is denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants Parikh, Priday, Randolph and Andersen admit they announced the launch of Stradling Global Sourcing ("Stradling") within days of their departure from Gartner and that Stradling is affiliated with the Orange County, California based law firm of Stradling Yocca Carlson & Rauth; the remainder of Paragraph 67 is denied.

68. Defendants admit Stradling provides certain IT and business process outsourcing consulting services, and is one of several providers of such services; the remainder of Paragraph 68 is denied.

69. Admitted.

70. Admitted.

71. Denied.

72. Defendant Singh admits he tendered his resignation to Gartner on November 3, 2006, effective November 10, 2006, and that he thereafter joined Stradling; the remainder of Paragraph 72 is denied.

73. Defendant Mahalingam admits he tendered his resignation to Gartner on November 6, 2006, effective November 10, 2006, and that he thereafter joined Stradling; the remainder of Paragraph 73 is denied.

74. Defendant Guapo admits he tendered his resignation to Gartner on November 8, 2006, effective November 17, 2006, and that he thereafter joined Stradling; the remainder of Paragraph 74 is denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. The Defendants admit that Calpine, Sephora, PetSmart and the California Courts have contracted with Stradling to provide certain consulting services, part of which in some cases previously was to have been performed by Gartner; the remainder of Paragraph 87 is denied.

88. Defendant Parikh admits that he worked on engagements for Sephora and PetSmart as a Gartner employee. Priday admits that he worked on engagements for Sephora, Calpine and the California Courts as a Gartner employee. Singh admits that he worked on an engagement for Sephora as a Gartner employee. Mahalingam admits that he worked on engagements for Sephora, PetSmart and the California Courts as a Gartner employee. Guapo admits that he worked on an engagement for the California Courts as a Gartner employee. In a number of cases the work performed by the Defendants for the clients named above

concluded months or years before their departures from Gartner. The remainder of Paragraph 88 is denied.

89.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and, therefore, leave Gartner to its proof.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

**COUNT TWO:**     **(Breach of Confidentiality and Non-Disclosure Agreement, Against Priday)**

1.      The Defendants re-allege their responses to Paragraphs 1 through 91 of Count One as their responses to Paragraphs 1 through 91 of Count Two.

94.     Defendant Priday admits he was exposed to certain Gartner business information during his employment with Gartner, but not information that was not otherwise available to other Gartner consultants; the remainder of Paragraph 94 is denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

**COUNT THREE:** (Breach of Non-Recruitment and Non-Hire Agreement, Against Parikh)

1. The Defendants re-allege their responses to Paragraphs 1 through 96 of Count Two as their responses to Paragraphs 1 through 96 of Count Three.

99. Denied.

100. Defendant Parikh admits that three former Gartner employees now work for Stradling; the remainder of Paragraph 100 is denied.

101. Denied.

102. Denied.

103. Denied.

**COUNT FOUR:** (Breach of Duty of Loyalty, Against Parikh)

1. The Defendants re-allege their responses to Paragraphs 1 through 101 of Count Three as their responses to Paragraphs 1 through 101 of Count Four.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

**COUNT FIVE:** (Tortious Interference with Contract, Against All Defendants)

1. The Defendants re-allege their responses to Paragraphs 1 through 105 of Count Four as their responses to Paragraphs 1 through 105 of Count Five.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

**COUNT SIX:** **(Tortious Interference with Prospective Economic Advantage, Against All Defendants)**

1. The Defendants re-allege their responses to Paragraphs 1 through 111 of Count Five as their responses to Paragraphs 1 through 111 of Count Six.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

**COUNT SEVEN:** **(Violation of the Uniform Trade Secrets Act, Ca. Civ. Code §§ 3426 et seq., Against Priday)**

1. The Defendants re-allege their responses to Paragraphs 1 through 118 of Count Six as their responses to Paragraphs 1 through 118 of Count Seven.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

**COUNT EIGHT:** (Unfair Trade Practices in Violation of Cal. Bus. & Prof. Code §§ 17200 et seq., Against Parikh, Priday, Randolph, Singh, Mahalingam and Guapo)

1. The Defendants re-allege their responses to Paragraphs 1 through 122 of Count Seven as their responses to Paragraphs 1 through 122 of Count Eight.

125. Denied.

126. Denied.

127. Denied.

**COUNT NINE:** (Deceptive Business Practices in Violation of § 815 ILCS 505/1 et seq., Against Andersen)

1. The Defendants re-allege their responses to Paragraphs 1 through 125 of Count Eight as their responses to Paragraphs 1 through 125 of Count Nine.

128. Paragraph states a legal conclusion to which no response is required.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and, therefore, leave Gartner to its proof.

**COUNT TEN:** (Common Law Unfair Competition, Against All Defendants)

1. The Defendants re-allege their responses to Paragraphs 1 through 132 of Count Nine as their responses to Paragraphs 1 through 132 of Count Ten.

14

135. Denied.

136. Denied.

137. Denied.

138. Denied.

## AFFIRMATIVE DEFENSES

In response to the Verified Complaint, the Defendants assert the following affirmative defenses:

A. The Verified Complaint fails to state a claim upon which relief can be granted.

B. Gartner's contract claims are barred due to failure of consideration.

C. The Verified Complaint fails due to the equitable doctrines of waiver, estoppel and laches.

D. The Verified Complaint fails because Gartner has failed to mitigate its damages.

E. The restrictive covenants contained in the employment agreements are overbroad in geographic and temporal scope and are otherwise invalid as a matter of law.

F. This action should be transferred to the United States District Court for the Central District of California and consolidated with <u>Stradling Global Sourcing LLC v. Gartner, Inc.</u> or, in the alternative, stayed pending the outcome of that action.

G. The restrictive covenants contained in the employment agreements that are the subject of this litigation violate § 16600 of the California Business and Professions Code.

H.  The Defendants reserve the right to assert additional affirmative defenses during or after the completion of discovery.

WHEREFORE, the Defendants respectfully request the Verified Complaint be dismissed with prejudice and that they be awarded the costs and expenses of this action, including reasonable attorneys' fees, and any such other and further relief as this Court may deem proper.

Respectfully submitted,

DEFENDANTS
KEVIN PARIKH, JAY PRIDAY,
ROBERT WYMAN RANDOLPH,
MICHAEL ANDERSEN, AMIT
SINGH, RAVI MAHALINGAM and
HENRY GUAPO

By: /s/ A. Robert Fischer
A. Robert Fischer (CT 01295)
Tal A. Kadar (CT 26723)
Gregory R. Bennett (CT 26655)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, CT  06904-0251
(203) 961-0404
(203) 324-4704 (Facsimile)
fischera@jacksonlewis.com
kadart@jacksonlewis.com
bennettg@jacksonlewis.com
THEIR ATTORNEYS

## CERTIFICATION OF SERVICE

       I hereby certify that on January 19, 2007, a copy of the foregoing Answer to Plaintiff's Verified Complaint was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                           /s/ A. Robert Fischer
                           A. Robert Fischer